**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MILTON TILLMAN** | * | |
|   2410 Pinewood Avenue | | |
|   Baltimore, Maryland  21214 | * | |
|     Petitioner | * | |
|         v. | * | CIVIL NO. _____ |
| **UNITED STATES OF AMERICA** | * | |
|   101 W. Lombard Street | | |
|   Baltimore, Maryland  21201 | | |
| | * | |
|     Respondent | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PETITION TO QUASH SUMMONSES**

Now comes Milton Tillman, Petitioner, by and through undersigned counsel, and in support of this Petition, states as follows:

        A.    **INTRODUCTION**

1.    This is a Petition seeking to quash two administrative summonses issued by the Internal Revenue Service in Baltimore, Maryland for testimony about and the production of certain bank records of the Petitioner.

2.    Milton Tillman, 2410 Pinewood Avenue, Baltimore, Maryland  21214, is the Petitioner.

3.    The United States of America is the Respondent on behalf of the Internal Revenue Service.

1

**4.      This Court has jurisdiction pursuant to 28 U.S.C. Section 1331, and the Internal Revenue Code Section 7609(h), 26 U.S.C. Section 7609(h).**

**5.      Venue is proper pursuant to 28 U.S.C. Section 1391.**

### B.      BACKGROUND

**6.      Petitioner received notice that the Internal Revenue Service has issued administrative summonses to Provident Bank and to Suntrust Bank to give testimony about and to produce Petitioner's bank records for Calendar Years ending 2006, 2007, 2008, 2009 and 2010, at 31 Hopkins Plaza, Room 1000, Baltimore, Maryland 21201, on August 29, 2013.**

**7.      The summonses were issued by Carla Johnson, Revenue Agent, on July 29, 2013.**

**8.      Attached hereto as Exhibit A collectively are copies of the summonses and notice received by Petitioner from the IRS**

**9.      Upon information and belief, Petitioner avers that the summonses were not issued in good faith in violation of the standards set forth in United States v. Powell, 379 U. S. 48, 57-58 (1964) regarding the good faith standards the IRS must meet when issuing third party administrative summonses. See, Conner v. United States, 434 F.3d 676, 680 (4th Cir. 2006).**

**10.     First, the IRS may not issue an administrative summons seeking information "already in the possession of the IRS." Powell, supra. Petitioner asserts that the information being sought already is in the possession of the IRS.**

**a.      On February 23, 2010, in United States v. Tillman, Criminal No. 10-CR-00067-CCB (D. Md.), Petitioner was charged in a multiple count indictment with a number of tax code violations covering several Calendar Years back to 2002.**

2

b.	Petitioner pled guilty to one of the tax code violations along with two other counts of the indictment on December 22. 2010. He was sentenced on July 14, 2011.

c.	Petitioner's sentence included an order of restitution, for an amount negotiated with the Government, which was intended to cover Petitioner's tax liabilities up to the date of sentencing.

d.	In connection with the case, upon information and belief, the IRS obtained and reviewed Petitioner's bank records for the Calendar Years covered by the administrative summonses.

11.	Second, the IRS may not issue an administrative summons unless its "investigation is being conducted for a legitimate purpose; . . . [and] the inquiry is relevant to that purpose.

a.	As previously averred, Petitioner negotiated with the government for the payment of restitution in an amount which should have covered and did cover Petitioner's tax liabilities up to the date of sentencing inclusive of the Calendar Years in question.

b.	The restitution order renders moot any issues concerning Petitioner's tax liability for those years.

c.	Accordingly, it is not likely or plausible that the pending administrative investigation is legitimate, or that the inquiry into his bank records has a legitimate purpose.

**RELIEF**

**WHEREFORE Petitioner prays that this Court will:**

**A.     Enter an Order granting this Petition;**

**B.     Enter an Order quashing the summonses; and**

**C.     Grant such other and further relief as may be deemed just and proper.**


**Respectfully Submitted**


*/S/ Neal M. Janey*
_____
**Neal M. Janey, Esquire**
**Federal Bar No. 02285**
**12 W. Montgomery Street, #200**
**Baltimore, Maryland 21230**
**Telephone: 410-340-6616**
**Facsimile: 410-752-2579**
**Email: nealjaneylaw@aol.com**


**Attorney for Petitioner**