IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MILTON TILLMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | No. ELH-13-2413 |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |
| _____) | |

### RESPONDENT'S OPPOSITION TO PETITION TO QUASH AND MOTION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS

**I.   Introduction**

On July 29, 2013, a Revenue Agent for the Internal Revenue Service ("IRS"), Carla Johnson ("Agent Johnson") issued third party summonses to Provident Bank and SunTrust Bank for all records pertaining to Milton Tillman ("Petitioner") from December 1, 2005 through January 31, 2011 as part of an examination of Petitioner's 2006, 2007, 2008, 2009, and 2010 federal income tax liabilities. *See* Declaration of Carla Johnson, Exhibits A, B.[1] On August 18, 2013, Petitioner filed a Petition to Quash Summons ("Petition") to quash the summonses. *See* ECF-1. Respondent opposes the Petition, and herein moves to enforce the IRS's summonses.

**II.   Background**

On December 23, 2010, Petitioner pled guilty to one count of making and subscribing a false tax return for the 2006 tax year, in violation of 26 U.S.C. § 7206(a); one count of unlawful engagement in the business of insurance, in violation of 18 U.S.C. § 1033(1)(A); and one count of wire fraud, in violation of 18 U.S.C. § 1343, pursuant to a grand jury indictment in Case 1:10-cr-00067-CCB (D. Md.). In Paragraph 9 of the plea agreement (Document 44), Petitioner agreed

---

[1] The copies provided by Petitioner in his ECF Filing were incomplete. *See* ECF-1, Exs. A, B. The Complete summonses are attached hereto as Exs. 1, 2.

1

to pay $120,000 in restitution to Ports America Baltimore, Inc. (formerly P & O Ports Baltimore, Inc.). Petitioner also acknowledged in Paragraph 10 of the plea agreement that the Service was not a part of the agreement, the agreement did not resolve any civil tax liability that Petitioner may have, Petitioner would "use his best effort" to secure a Closing Agreement with the Service resolving tax liabilities for the years 2002 through 2006, and the Government would recommend that the Court order restitution in the amount determined in the Closing Agreement. Petitioner has not secured a Closing Agreement and, in its sentencing order (Document 74) the Court did not order any restitution to the Service.

Subsequent to the criminal conviction, Agent Johnson was assigned the audit of Petitioner's 2006 through 2010 tax years, as Petitioner has not filed a tax return for any of those years. *See* Declaration of Carla Johnson at ¶ 2. Agent Johnson first made contact with Petitioner on April 11, 2013 via a Letter 4841, which schedules an appointment with a taxpayer to review documents and information for the specified tax years. *Id.* at ¶ 12a. Enclosed with the letter was an Information Document Request (Form 4564) and a copy of Publication 1, Your Rights as a Taxpayer. *Id.* at ¶ 12b. Publication 1 states that contact with third party record keepers may be necessary as part of the examination if the taxpayer is unable to provide information requested or to verify information.

On May 6, 2013 Agent Johnson spoke with Petitioner on the telephone. *Id.* at ¶ 12c. Petitioner informed Agent Johnson that he was unable to prepare his returns because he was incarcerated, and that his attorney handling his tax matters would provide the requested information. *Id.* Agent Johnson explained that she would need an executed Power of Attorney (Form 2848) before she could discuss Petitioner's tax years with the attorney. *Id.* Agent

Johnson did not receive the requested Power of Attorney and Petitioner did not provide Agent Johnson with the requested documents and information. *Id.* at ¶ 12d.

On July 29, 2013, Agent Johnson issued the summonses at issue in this case and served notice of the summons on Petitioner via certified mail to Petitioner's last known address. *Id.* at ¶ 9. On August 22, 2013, Agent Johnson received the documents requested from SunTrust Bank. *Id.* at ¶ 10. However, Agent Johnson also received a copy of the Petition in this case and therefore did not open the documents. The documents remain unopened in the custody of Agent Johnson.[2] *Id.*

### III. Argument

A. Petitioner's Petition to Quash Lacks Merit[3]

The IRS is statutorily authorized to inquire about any person who may be liable to pay any internal revenue tax, and to summons a witness to testify or to produce books, papers, records, or other data that may be relevant or material to an investigation. I.R.C. § 7602; *United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984); *United States v. Powell*, 379 U.S. 48 (1964). Petitioner argues that the summonses "were not issued in good faith in violation of the standards set forth in *United States v. Powell*." ECF-1, Petition at ¶ 9

The following facts demonstrate that the summonses were issued in good faith in full compliance with the *Powell* standards:

---

[2] Provident Bank has not yet complied with the Internal Revenue Service summons. *See* Declaration of Carla Johnson at ¶ 7.
[3] Respondent notes that it does not appear that Petitioner properly served the Service with the Petition to Quash. I.R.C. § 7609(b)(2)(B) provides that any person who brings a proceeding to quash a summons must serve a copy of the petition on the IRS and the summoned party by certified or registered mail. Respondent avers that such service was not properly effected.

1. First, the investigation is being conducted pursuant to a legitimate purpose. The summonses were legitimate because Petitioner was the subject of a civil audit for tax years 2006-2010. *See* Declaration of Carla Johnson at ¶ 2.

2. Second, the inquiry will be relevant to that purpose. Agent Johnson will use the summonsed bank records to determine Petitioner's tax liability for the relevant years of the investigation. *Id.* at ¶¶ 2, 13.

3. Third, the information sought is not already in the Service's possession. Although the requested bank records may have been acquired during the prosecution of Petitioner's criminal case, any documents received were part of a grand jury indictment and are not accessible to Agent Johnson during her civil audit. *Id.* at ¶ 11. Therefore, for purposes of this audit, the documents are not considered to be in the Service's possession. Furthermore, although SunTrust Bank mailed an envelope to Agent Johnson in response to the summons that presumably contains the requested bank records, the envelope remains sealed as a result of this outstanding Petition. *Id.* at ¶ 10.

4. Finally, the Service has taken the administrative steps necessary prior to the issuance of the summonses. Agent Johnson took all required administrative steps to issue the summonses by contacting the taxpayer, informing him that third-party records may be requested, seeking the bank records directly through Petitioner, and issuing the summonses. *See* Declaration of Carla Johnson at ¶ 12a-d.

*See Powell,* 379 U.S. at 57-58; *Conner v. United States,* 434 F.3d 676, 680 (4th Cir. 2006). *See also Mazurek v. United States,* 271 F.3d 226, 230 (5th Cir. 2011) ("The government may

establish its prima facie case by an affidavit of an agent involved in the investigation averring the *Powell* good faith elements.")

Having shown that Respondent has fully complied with the *Powell* factors and that the records being sought are for the valid, good faith purpose of investigating Petitioner's tax liability upon his failure to pay taxes for several calendar years, Respondent respectfully requests that the Court deny Petitioner's motion to quash the administrative summonses. Moreover, pursuant to 26 U.S.C. §§ 7402(b) and 7604(a), Respondent requests that this Court enter an appropriate order to ensure appropriate enforcement of the validly served IRS summonses. *See, e.g., Bell v. United States*, 521 F. Supp. 2d 456, 460-61 (D. Md. 2007) (finding that petitioner's motion to quash should be dismissed because the United States complied with the *Powell* standards and the IRS summons was issued in good faith, and ordering enforcement of the summons).

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

_____/s/_____
Victor M. Lawrence
Special Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
Tele: 410-209-4800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of September, 2013, a copy of Respondent's Opposition to Motion to Quash and Motion to Enforce IRS Summonses was sent, first class mail, postage prepaid, to:

>Neal M. Janey, Esq.
>12 W. Montgomery Street, #200
>Baltimore, Maryland 21230

>\_\_\_\_/s/_____
>Victor M. Lawrence
>Special Assistant United States Attorney